UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN FRANK DENNIS ARNOLD,<br>Petitioner,<br>v.<br>CONTRA COSTA COUNTY SUPERIOR COURT, et al.,<br>Respondents. | Case No. 26-cv-12493-RFL (PR)<br>**ORDER OF DISMISSAL**<br>Dkt. No. 3 |

**INTRODUCTION**

This federal habeas action, which was filed by a pretrial state detainee, is DISMISSED on grounds of abstention. Petitioner Arnold's state criminal proceedings are ongoing and nothing in the petition suggests there are extraordinary circumstances requiring this Court's interference in such proceedings.

**STANDARD OF REVIEW**

Though filed by the Clerk as a habeas action under 28 U.S.C. § 2254, this action is properly a habeas action filed under 28 U.S.C. § 2241. Section 2254 applies only to those petitions filed by persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Because Arnold is a pretrial detainee, he is not in custody pursuant to the judgment of a state court.

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A district court considering an application for a writ of habeas corpus shall "award

the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petition under section 2241 is the appropriate vehicle for a challenge to a person's detention when the person is in custody, but not pursuant to the judgment of a state court, e.g., it is the appropriate basis for a challenge to detention by a pretrial detainee. *See Hoyle v. Ada County*, 501 F.3d 1053, 1058 (9th Cir. 2007).

## BACKGROUND

According to the petition, Arnold is a pretrial detainee awaiting trial on felony charges in the Contra Costa County Superior Court. (Pet., Dkt. No. 1 at 2, 4.) He challenges his continued detention as violative of California's Racial Justice Act. (*Id.* at 8.)

## DISCUSSION

The petition is DISMISSED on abstention grounds. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances (such as bad faith or harassment). *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Nor should a federal court interfere in state civil proceedings that "(1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (citing *Sprint Communications, Inc. v. Jacobs*, 134 S. Ct. 584, 593-94 (2013)). In sum, *Younger* abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Abstention is appropriate here because all the elements of *Younger* are present. As to the first *Younger* element, the record demonstrates that Arnold's state court proceedings are ongoing. As to the second *Younger* element, the Supreme Court has held that "a proper respect for state functions," such as ongoing criminal trial proceedings, is an important issue of state interest. *See Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973) (quoting *Younger*, 401 U.S. at 44). As to the third prong of *Younger*, the Court finds no reason Arnold cannot pursue his claims in state court. Furthermore, any interference by this Court in the state court proceedings would cause results disapproved of by *Younger*. *SJSVCCPAC v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing cases). Nothing in the petition suggests there are extraordinary circumstances requiring this Court's interference in state court criminal proceedings. Thus, *Younger* abstention is applicable here.

**CONCLUSION**

The petition is DISMISSED. Arnold's motion to proceed in forma pauperis is GRANTED. (Dkt. No. 3.) The Clerk shall terminate Dkt. No. 3, enter judgment in favor of respondents, and close the file.

**IT IS SO ORDERED.**

**Dated:** November 19, 2026

RITA F. LIN
United States District Judge